UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERSON A. McGEE, | No. 2:16-cv-1796-JAM-EFB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

On August 4, 2016, plaintiff filed a motion for a temporary restraining order to prohibit defendants from, among other things, participating in a racially motivated conspiracy; using "law enforcement programs and activities receiving" federal financial assistance to discriminate against plaintiff; conspiring with "other persons to [commit] attempted murder, kidnaping, torture," and various other crimes; and refusing to protect plaintiff and his property. ECF No. 5. As discussed below, plaintiff's motion for injunctive relief must be denied.

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). "The standards for granting a temporary restraining order and a preliminary injunction are identical." *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf.*

*Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the courts ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*

Plaintiff filed this action against the State of California, County of Sacramento, City of Sacramento, Sacramento Elite Security, Bridgeport Homeowners Association, Associa of Northern California, Sean Swarthout, and Gary Swarthout, Jr. ECF No. 1. The complaint alleges claims for violations of 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 2000, and California Civil Code § 51 based on an alleged conspiracy to discriminate against African Americans. *Id*.

However, plaintiff does not establish that he is likely to succeed on his claims. His complaint rests largely on vague and conclusory allegations of a vast conspiracy between the State of California, Sacramento County, the City of Sacramento, and private parties. *See generally* ECF No. 1. "The 'irreducible minimum,' however, is that the moving party

1 demonstrate 'a fair chance of success on the merits' or 'questions . . . serious enough to require
2 litigation." *Sports Form, Inc. v. United Press Intern., Inc.*, 696 F.2d 750, 753 (9th Cir. 1982)
3 (quoting *Benda v. Grand Lodge of International Association of Machinists & Aerospace Workers*,
4 584 F.2d 308, 315 (9th Cir. 1978)). "No chance of success at all . . . will not suffice." *Id*. Here
5 plaintiff's complaint is devoid of factual allegations that, if accepted as true, would demonstrate
6 the existence of a conspiracy or support a cause of action. Thus, plaintiff fails to satisfy the
7 likelihood of success prong of the standard for a temporary restraining order.

8    Furthermore, plaintiff fails to demonstrate that the injunction sought is necessary to
9 preserve the court's ability to grant effective relief on his claims and that it is the least intrusive
10 means for doing so. He only generally claims that he will suffer irreparable harm if an injunction
11 does not issue, without identifying the specific harm he will suffer. He also fails to present
12 evidence establishing that the balance of equities tips in his favor. Nor is there an adequate
13 showing that the requested injunctive relief is in the public interest. Thus, plaintiff has not made
14 the showing required to meet his burden as the party moving for injunctive relief, and his motion
15 must be denied.

16   Accordingly, it is hereby RECOMMENDED that plaintiff's motions for injunctive relief
17 (ECF No. 5) be denied.

18   These findings and recommendations are submitted to the United States District Judge
19 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
20 after being served with these findings and recommendations, any party may file written
21 objections with the court and serve a copy on all parties. Such a document should be captioned
22 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
23 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
24 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
25 DATED: August 10, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE