1

2

3

4

5

6

7                         UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JEFFERSON A. McGEE,                        No.  2:16-cv-1796-JAM-EFB PS

11              Plaintiff,

12        v.                                    ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
13   STATE OF CALIFORNIA, et al.,

14              Defendants.

15

16        This case is before the court on defendant City of Sacramento's motion to declare plaintiff

17   a vexatious litigant and for an order compelling plaintiff to provide security (ECF No. 9);

18   defendants County of Sacramento and the State of California's motions to dismiss plaintiff's

19   complaint for failure to state a claim pursuant to Federal Rule of Civil Procured ("Rule") 12(b)(6)

20   (ECF Nos. 13 and 22); plaintiff's motion for default judgment against California and the City and

21   County of Sacramento (ECF No. 15); and the court's October 7, 2016 order to show cause (ECF

22   No. 28).[1]  For the reasons explained below, the court discharges the order to show cause, defers

23   ruling on the vexatious litigant motion, and recommends that Sacramento County and the State of

24   California's motions to dismiss be granted and plaintiff's motion for default judgment be denied.[2]

25   _____

26        [1]  This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to
     Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

27        [2]  The court determined that oral argument would not materially assist in the resolution of
     the pending motions and the matter was ordered submitted on the briefs.  *See* E.D. Cal. L.R.
28   230(g).

                                               1

1    I.      Order to Show Cause

2            Defendants County of Sacramento and the State of California filed motions to dismiss the

3    complaint, which were noticed for hearing on October 19, 2016.  ECF Nos. 13, 22, 25.  Pursuant

4    to Local Rule 230(c), plaintiff was required to file an opposition or statement of non-opposition to

5    the motions by October 5, 2016, but failed to do so.  Accordingly, the hearing on the motions was

6    continued and plaintiff was ordered to file an opposition or statement of non-oppositions to the

7    motions and to show cause why sanctions should not be imposed for his failure to timely do so.

8            In his response plaintiff states that he mailed his opposition to the County's motion on

9    September 17, 2016, and his opposition to the State of California's motion on October 4, 2016.

10   While the court belatedly received plaintiff's opposition to the State's motion on October 6, 2016,

11   plaintiff did not file his opposition to the County's motion until November 2, 2016, the same date

12   he filed his response to the court's order to show cause.  In light of plaintiff's pro se status, and

13   given that he has now filed oppositions to the pending motions, the court discharges the order to

14   show cause and declines to impose sanctions.  Plaintiff is admonished, however, that his pro se

15   status does not excuse compliance with the Federal Rules of Civil Procedures, Local Rules, and

16   court orders.

17   II.     Vexatious Litigant Motion

18           Defendant City of Sacramento, instead of filing a responsive pleading or motion in

19   accordance with Rule 12 of the Federal Rules of Civil Procedure, filed a motion for an order

20   declaring plaintiff a vexatious litigant and requiring security under Local Rule 151(b).  ECF No 9.

21   Local Rule 151(b) adopts the provisions of Title 3A, part 2, of the California Code of Civil

22   Procedure relating to vexatious litigants.  One of those provisions provides that when a vexatious

23   litigant motion is filed prior to trial, the litigation – including the moving defendant's obligation

24   to plead – is stayed.  Cal. Civ. Proc. Code § 391.6.  Setting aside the question of whether that stay

25   provision is in variance with the pleading practices prescribed by the Federal Rules of Civil

26   Procedure, Local Rule 151(b) also states that the Court's power "shall not be limited by this

27   provision."  *See* E.D. Cal. L.R. 151(b).  Here, the City's motion calls upon the court to examine

28   the merits of plaintiff's complaint.  *See DeLong v. Hennesey*, 912 F.2d 1144, 1148 (9th Cir. 1990)

1   (before a court may enter a pre-filing injunction it must make "substantive findings as to the

2   frivolous or harassing nature of the litigant's actions.").  The standards and procedures for

3   determining whether plaintiff's complaint is sufficient to state a claim are set out in Rule 12 of the

4   Federal Rules of Civil Procedure and governed by federal, not state law.  For that reason, the

5   court exercises its discretion under Local Rule 151(b) to require the City to address its contention

6   that plaintiff's complaint is either frivolous or fails to state a claim pursuant to a properly noticed

7   and briefed motion presented under either Rule 12 or Rule 56 of the Federal Rules of Civil

8   Procedure.  Accordingly, ruling on the pending vexatious litigant motion is deferred pending

9   resolution of any motion brought under Rule 12 or, if appropriate, Rule 56, together with

10  appropriate briefing that addresses the standards under those rules.

11  III.    Rule 12(b)(6) Motions

12          The County of Sacramento and the State of California both move to dismiss plaintiff's

13  complaint for failure to state a claim pursuant to Rule 12(b)(6).  ECF Nos. 13, 22.  As explained

14  below, the motions must be granted.

15          A.      Complaint's Factual Allegations

16          Plaintiff and his son reside at the Bridgeport Condominium Complex in Sacramento

17  California.  ECF No. 1 at 3-4.  The crux of the complaint is that throughout 2016, plaintiff and his

18  son were terrorized, harassed, and assaulted by Sean Swarthout, another resident of the

19  condominium complex.[3]  Plaintiff alleges Swarthout's actions against plaintiff and his son were

20  racially motivated.  *Id*. at 6.

21          On numerous occasions, plaintiff contacted the Sacramento City Police Department for

22  assistance and protection.  However, plaintiff claims that the department either refused to respond

23  to his calls, or when they did respond "they saw that plaintiff was African American and Sean

24  was white and decided to discriminate against plaintiff and [his son] because of their race and

---

25          [3]  In addition to the City, County, and State, the complaint names Sean Swarthout; Gary
26  Swarthout, Jr.; Bridgeport Homeowners Association; Associa of Northern California (a property
    management company); and Sacramento Elite Security as defendants.  *See* ECF No. 1.  However,
27  plaintiff has requested that these defendants, who have not appeared in this action, be dismissed
    without prejudice.  ECF No. 33.  The court recommends that the request be granted and these
28  defendants be dismissed without prejudice.

1   color by refusing to hear plaintiff's complaint." *Id*. at 11.  He further alleges that the decision to

2   not provide assistance was made pursuant to the departments "policy and conspiracy" to

3   discriminate against African Americans.  *Id*. at 6.  The complaint further alleges that the "State,

4   the County, and the City are all aware of Sean's crimes against the African American

5   Community, but have refused to protect the community from Sean because Sean is white." *Id*. at

6   8.

7          The complaint alleges federal claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986

8   and 2000a, as well as state law claims under California Civil Code §§ 51 and 52.  *Id*. at 17-20.

9   The County of Sacramento and State of California move to dismiss the complaint for failure to

10  state a claim pursuant to Rule 12(b)(6).  ECF Nos. 13, 22.

11         B.      Rule 12(b)(6) Standards

12         To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

13  must contain more than a "formulaic recitation of the elements of a cause of action"; it must

14  contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell*

15  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more

16  . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

17  action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

18  236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

19  'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009)

20  (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when plaintiff pleads factual

21  content that allows the court to draw the reasonable inference that the defendant is liable for the

22  misconduct alleged." *Id*.  Dismissal is appropriate based either on the lack of cognizable legal

23  theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v.*

24  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

25         In considering a motion to dismiss, the court must accept as true the allegations of the

26  complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

27  the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in

28  the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

4

1    (1969).  The court will "presume that general allegations embrace those specific facts that are

2    necessary to support the claim.'"  *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

3    (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

4            Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

5    *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

6    1985).  The Ninth Circuit has held that the less stringent standard for pro se parties is now higher

7    in light of *Iqbal* and *Twombly*, but the court still continues to construe pro se filings liberally.

8    *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, the court's liberal interpretation of

9    a pro se litigant's pleading may not supply essential elements of a claim that are not pled.  *Pena v.

10   Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d

11   266, 268 (9th Cir. 1982).  Furthermore, "[t]he court is not required to accept legal conclusions

12   cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the

13   facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither

14   need the court accept unreasonable inferences, or unwarranted deductions of fact.  *W. Mining

15   Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

16           In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by

17   exhibits attached to the complaint.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.

18   1987).  The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr.

19   Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings,

20   orders, and other papers filed with the court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279,

21   1282 (9th Cir. 1986).

22           C.      Sacramento County's Motion

23           Sacramento County moves to dismiss for failure to allege sufficient facts to state a claim

24   for relief.  ECF No. 13.

25                   1.      42 U.S.C. § 1981

26           Section 1981 provides that "[a]ll persons shall have the same right . . . to make and

27   enforce contracts . . . as is enjoyed by white citizens."  42 U.S.C. § 1981.  That section "protects

28   the equal right of all persons within the jurisdiction of the United States to make and enforce

1    contracts without respect to race." *Domini's Pizza, Inc. v. McDonald*, 546 U.S. 470 at 474.

2    While plaintiff makes general and vague allegations of racial discrimination, he does not allege a

3    contractual relationship between himself and any other party, nor does he allege any facts that

4    could possibly suggest the existence of such a relationship. *See id*. at 479-80; *Schiff v. Barrett*,

5    2010 WL 2803037, at *4 (E.D. Cal. July 14, 2010) (providing that to state a claim under § 1981 a

6    plaintiff must identify an "impaired contractual relation" by showing that intentional racial

7    discrimination prevented the creation of a contractual relationship or impaired an existing

8    contractual relationship). Accordingly, plaintiff's section 1981 claim against the County must be

9    dismissed.

10                       2.      42 U.S.C. § 1982

11        Plaintiff also asserts a claim under 42 U.S.C. § 1982. That section provides that all

12    citizens shall have the same right "to inherit, purchase, lease, sell, hold, and convey real and

13    personal property." 42 U.S.C. § 1982. To state a claim under section 1982, a plaintiff must

14    allege that (1) he is a member of a racial minority; (2) he applied for and was qualified to rent or

15    purchase certain property or housing; (3) he was rejected; and (4) the housing or rental

16    opportunity remained available thereafter. *Phifer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d

17    548, 551 (9th Cir. 1980).

18        This section has no relevance to the facts alleged in the complaint. Those allegations

19    concern the Sacramento Police Department's response to plaintiff's calls for assistance and not

20    the lease or purchase of property or housing. Plaintiff alleges no facts showing that he applied for

21    and was denied housing by defendants on the basis of race. This claim must therefore be

22    dismissed.

23                       3.      42 U.S.C. § 1983

24        Plaintiff alleges that the County violated his constitutional rights under the Fourteenth

25    Amendment "pursuant to a Policy and conspiracy as adopted, implemented, maintained and

26    executed by the State, the County, and the City." ECF No. 1 at 1. The County argues that

27    plaintiff's 1983 claim must be dismissed because plaintiff failed to allege facts showing that a

28    county employee violated his rights pursuant to a policy or custom. ECF No. 13-1 at 4-9.

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

2    that a right secured by the Constitution or laws of the United States was violated, and (2) that the

3    alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*,

4    487 U.S. 42, 48 (1988).  However, there is no *respondeat superior* liability under § 1983.  *See*

5    *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th

6    Cir. 1978).  Therefore, counties and municipalities may be sued under § 1983 only upon a

7    showing that plaintiff's constitutional injury was caused by an employee acting pursuant to the

8    municipality's policy or custom.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

9    In order to state a claim under *Monell*, a party must (1) identify the challenged policy or custom;

10   (2) explain how the policy or custom is deficient; (3) explain how the policy or custom caused the

11   plaintiff harm; and (4) reflect how the policy or custom amounted to deliberate indifference, i.e.

12   show how the deficiency involved was obvious and the constitutional injury was likely to occur.

13   *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009).

14   Plaintiff's section 1983 claim against the County fails for a number of reasons.  First, he

15   does not identify any specific policy or custom that allegedly cause him harm.  Instead, the

16   complaint asserts only vague allegations that the County maintains a policy of discrimination.

17   Second, the complaint does not contain any allegations indicating that plaintiff was harmed by a

18   county employee pursuant to a policy or custom.  While plaintiff states that the County was aware

19   of Sean Swarthout's conduct and alleges in conclusory fashion that it maintained a policy of

20   discrimination, plaintiff does not allege any county employees took any action against him.

21   Instead plaintiff's allegations of harassment are directed at conduct by Sacramento City Police

22   officers, not county employees.

23   Accordingly, plaintiff fails to allege a § 1983 claim against the County.

24               4.    42 U.S.C. § 1985

25   Plaintiff also attempts to assert a claim under 42 U.S.C. § 1985(3).  That section creates a

26   civil action for damages caused by two or more persons who "conspire . . . for the purpose of

27   depriving" the injured person of "the equal protection of the laws, or of equal privileges and

28   immunities under the laws" and take or cause to be taken "any act in furtherance of the object of

7

such conspiracy." 42 U.S.C. § 1985(3).  The elements of a § 1985(3) claim are: (1) the existence

of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in

furtherance of the conspiracy; and (3) a resulting injury.  *Addisu v. Fred Meyer, Inc.*, 198 F.3d

1130, 1141 (9th Cir. 2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998)).  The first

element requires that there be some racial or otherwise class-based "invidious discriminatory

animus" for the conspiracy.  *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69

(1993); *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir. 1985).   Moreover, a plaintiff cannot

state a conspiracy claim under § 1985 in the absence of a claim for deprivation of rights under 42

U.S.C. § 1983.  *See Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that

"the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim

predicated on the same allegations"), *cert. denied*, 493 U.S. 817 (1989).

As discussed above, plaintiff does not allege facts sufficient to state a claim under § 1983

against the County.  Nor has he alleged that there was any agreement or "meeting of the minds"

by the defendants to deprive him of those constitutional rights.  Accordingly, this claim must also

be dismissed.

5.   <u>42 U.S.C. § 1986</u>

"Section 1986 imposes liability on every person who knows of an impending violation of

section 1985 but neglects or refuses to prevent the violation."  *Karim-Panahi v. Los Angeles*

*Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988).  Absent a valid claim for relief under section

1985, there is no cause of action under § 1986.  *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th

Cir. 1985).

As noted, plaintiff has not alleged any agreement or "meeting of the minds" by the

defendants to state a claim for deprivation of his constitutional rights under section 1985.

Consequently, he also fails to state a claim pursuant to section 1986.

6.   <u>42 U.S.C. § 2000a</u>

Plaintiff also alleges a claim under Title II of the Civil Rights Act of 1964.  ECF No. 1 at

19.  Section 42 U.S.C. § 2000a provides that "[a]ll persons shall be entitled to the full and equal

enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any

1    place of public accommodation . . . without discrimination or segregation on the ground of race,

2    color, religion, or national origin."

3         As argued by the County, plaintiff's sole allegation against this defendant is his

4    conclusory assertion that the County has unconstitutional policies "to Discriminate Against

5    African Americans on the Grounds of Race in Law Enforcement Programs and Activities." No

6    facts are alleged to support that conclusion. Further, even assuming the truth of this allegation,

7    plaintiff does not allege that the county denied him goods or services of any place of public

8    accommodation. *See* 42 U.S.C. § 2000a(b) (identifying places of public accommodation as

9    placing of lodging, restaurants, and movie theaters). As already noted, plaintiff alleges that

10   Sacramento City Police Officers, not Sacramento County employees, failed to properly respond

11   to his requests for assistance. Accordingly, plaintiff fails to allege a claim for violation of 42

12   U.S.C. § 2000a against the County of Sacramento.

13          7.    State Law Claims

14        Plaintiff also purports to allege state law claims for racial discrimination pursuant to

15   California Civil Code §§ 51 and 52. As explained above, the complaint does not contain any

16   factual allegations that the County subjected him to racial discrimination. Rather, he merely

17   relies on his conclusory statement that the County maintains some unspecified policy to

18   discriminate against African Americans. Accordingly, his state law claims also fail.

19          D.    State of California's Motion to Dismiss

20        The State of California moves to dismiss plaintiff's complaint, arguing that it is entitled to

21   immunity under the Eleventh Amendment to the United States Constitution. ECF No. 22 at 4-6.

22   Plaintiff argues that the State of California's motion should be denied because (1) it is untimely

23   and (2) the state is not entitled to sovereign immunity under the Eleventh Amendment. ECF No.

24   32 at 15-17

25        As a threshold matter, plaintiff is mistaken that the State's motion is untimely. The Ninth

26   Circuit "allows a motion under Rule 12(b) any time before the responsive pleading is filed."

27   *Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988); *see also*

28   *Ass'n of Irritated Residents v. Fred Shakel Dairy*, 2005 WL 3299508, at *3 (E.D. Cal. Dec. 2,

1    2005) ("the Ninth Circuit allows a motion under Rule 12(b) any time before the responsive

2    pleading is filed, even if filed outside the time limits of Rule 12(a)(1).") (internal quotations

3    omitted).  As no answer has been filed, the State's motion is timely.

4          Plaintiff next argues that Congress abrogated the states' immunity by enacting 42 U.S.C.

5    § 2000d-7.  ECF No. 32 at 15-17.  That section expressly waives state sovereign immunity for

6    violations of "section 504 of the Rehabilitation Act of 1973, title IX of the Education

7    Amendments of 1972, title VI of the Civil Rights Act of 1964, or the provisions of any other

8    Federal statute prohibiting discrimination by recipients of Federal financial assistance."  42

9    U.S.C. § 2000d-7.  As far as the court can discern, plaintiff appears to argue that the residual

10   clause of section 2000d-7 constitutes a waiver for all of his claims.  Contrary to plaintiff's

11   contention, the State is entitled to immunity under the Eleventh Amendment.

12         It is well settled that the Eleventh Amendment bars a citizen from bringing suit against his

13   own state in Federal Court absent a valid waiver or abrogation of sovereign immunity.  *Seminole*

14   *Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890);

15   *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) ("The Eleventh Amendment bars suits

16   which seek either damages or injunctive relief against a state, an 'arm of the state,' its

17   instrumentalities, or its agencies.").

18         Congress may abrogate a state's sovereign immunity, but the Supreme Court has

19   consistently held that § 1983 was not intended to abrogate a State's Eleventh Amendment

20   Immunity.  *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985).  Moreover, the Ninth Circuit has

21   held that sovereign immunity is not waived as to claims brought under 42 U.S.C. §§ 1981, 1983,

22   or 1985.  *Pitman v. Oregon, Employment Department*, 509 F.3d 1065, 1071-72 (9th Cir. 2007);

23   *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988).  Other courts have

24   also held that states are immune from suit under the Eleventh Amendment from claims brought

25   pursuant to 42 U.S.C. § 1982 and 1986.  *See Ross v. State of Ala.*, 893 F. Supp. 1545 (M.D. Ala.

26   1995) (holding that "under § 1982, Congress has not waived Eleventh Amendment immunity,

27   because it did not make its intention unmistakably clear in the language of the statue.");

28   *Shaughnessy v. Hawaii*, 2010 WL 2573355, at *6 ("[C]ourts have consistently held . . . that the

1    Eleventh Amendment bars §§ 1981 and 1982 suits against the states . . . .”); *Ardalan v. McHugh*,

2    2013 WL 6212710, at *13 (N.D. Cal. Nov. 27, 2013) (finding that plaintiff’s claims for violation

3    of §§ 1981, 1983, 1985, and 1986 were barred by the doctrine of sovereign immunity).

4    Furthermore, plaintiff’s state law claims are similarly barred under the doctrine of sovereign

5    immunity.  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004); *see also*

6    *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (“[I]t is difficult to think of

7    a greater intrusion on state sovereignty than when a federal court instructs state officials on how

8    to conform their conduct to state law.”).

9         The only claim alleged by plaintiff that could conceivably implicate the residual clause

10   contained in 42 U.S.C. § 2000d-7(a)(1) is his claim under Title II of the Civil Rights Act of 1964.

11   The State contends, however, “that in *Sossamon v. Texas*, 563 U.S. 277 (2011), the U.S. Supreme

12   Court held that the Eleventh Amendment provision under 42 U.S.C. § 2000d-7(a)(1) is

13   unconstitutional.”  ECF No. 36 at 2-3.

14        In *Sossamon*, the court considered whether a prison inmate’s claim under § 3 of the

15   Religious Land Use and Institutionalized Persons Act (“RLUIPA”) against the state of Texas was

16   barred under the Eleventh Amendment.  The inmate argued, among other things, that his claim

17   under § 3 of the RLUIPA fell under the residual clause of 42 U.S.C. § 2000d-7(a)(1), and

18   therefore Texas had waived sovereign immunity to RLUIPA suits for damages.  *Id*. at 291.  The

19   court rejected this argument, reasoning that “even assuming that a residual clause like the one in

20   [§ 2000d-7] could constitute an unequivocal textual waiver, § 3 [of the RLUIPA] is not

21   unequivocally a statute prohibiting discrimination within the meaning of [§ 2000d-7].”  *Id*.  The

22   court determined that a state could reasonably conclude that the residual clause only covers

23   provisions using the term “discrimination.”  *Id*.

24        Thus, the court merely decided that § 3 of the RLUIPA was not covered by the residual

25   clause.  It did not, as argued by California, find that § 2000d-7’s waiver of immunity was

26   unconstitutional.

27        The court need not decide whether the residual clause of section 2000d-7 constitutes an

28   unequivocal textual waiver because, even assuming that it does, plaintiff nevertheless fails to state

1     a Title II claim against the State.[4]  As with the claims against the County, the allegations in

2     support of this claim are conclusory and fail to state a claim for relief.  Plaintiff alleges that

3     defendants maintain unspecified policies and customs "to Discriminate Against African

4     Americans on the Grounds of Race and Color in Law Enforcement Programs and Activities

5     receiving federal financial assistance from the United States Government."  ECF No. 1 at 19.

6     Plaintiff, however, fails to allege that the State denied him the full and equal enjoyment of

7     "goods, services, facilitates, privilege, advantages and accommodations" due to discrimination

8     based on his race.  42 U.S.C. § 2000a(a); *see also id* § 2000a(b).  Again, plaintiff's allegations are

9     directed solely at conduct performed by the Sacramento Police Department, and not a state

10    agency or employee.

11         E.    <u>Leave to Amend</u>

12         The court has carefully considered whether leave to amend is appropriate in this case.  As

13    detailed above, the factual allegations in the complaint do not address conduct by the County or

14    the State.  Instead, plaintiff alleges actions by a Sacramento City Police officer, with only legal

15    conclusions asserted against the County and State.  It is clear from his complaint that the Police

16    Officer's actions (or failure to act) are the focus of plaintiff's claims and not actions by either the

17    County or the State.  Thus, leave to amend will not cure the deficiencies in these claims.  This

18    point is underscored by the fact that the instant case is simply one of many actions plaintiff has

19    filed in this district, the vast majority of which have been dismissed as for failure to state a claim.

20    *See McGee v. California*, 2:14-cv-823-JAM-KJM (E.D. Cal); *McGee v. Attorney General of*

21    *California*, 2:10-cv-137-KJM (E.D. Cal); *McGee v. California*, 2:09-cv-740-GEB-EFB (E.D.

22    Cal); *McGee v. Seagraves*, 2:06-cv-495-MCE-GGH (E.D. Cal); *McGee v. MMDD Sacramento*

23    *Project*, 2:05-cv-339-WBS-DAD (E.D. Cal.); *McGee v. California State Senate*, 2:05-cv-2632-

24    GEB-EFB (E.D. Cal.); *McGee v. Schwarzenegger*, 2:04-cv-2598-LKK-DAD (E.D. Cal); *McGee*

25    *v. Davis*, 2:01-mc-179-LKK-PAN; *McGee v. Wilson*, 2:98-cv-1026-FCD-PAN (E.D. Cal).

26
27
28

--------

[4]  Few courts have addressed the waiver issue presented in this case.  However, at least one court has determined that there is no waiver of sovereign immunity for claims brought under Title II of the Civil Rights Act.  *See Zhu v. Gonzales*, 2006 WL 1274767, at \*5 (D.D.C. May 8, 2006).

1      In light of the deficiencies in the complaint, as well as plaintiff's extensive history of

2  filing deficient complaints, the court finds that granting leave to amend would be futile.

3  Accordingly, it is recommended that the State of California and the County of Sacramento's

4  motions to dismiss be granted and the claims against them be dismissed without leave to amend.

5  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a

6  pro se plaintiff to amend, leave to amend should not be granted where it appears amendment

7  would be futile).

8  IV.    Plaintiff's Motion for Default Judgment

9      Plaintiff moves for default judgment against defendants State of California, City of

10  Sacramento, and County of Sacramento.  ECF No. 15.

11      Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a

12  judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is

13  shown by affidavit or otherwise, the clerk must enter the party's default."  Entry of default against

14  a defendant cuts off that defendant's right to appear in the action or to present evidence.  *Clifton*

15  *v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927).

16      Here, defendants have appeared in this action and filed motions in response to plaintiff's

17  complaint.  Given that each defendant has appeared and indicated its intention to defend against

18  plaintiff's claims, entry of default judgment is inappropriate.  Accordingly, the motion must be

19  denied.

20  V.    Conclusion

21      Accordingly, it is hereby ORDERED that:

22      1.  The court's order to show cause (ECF No. 28) is discharged and no sanctions are

23  imposed;

24      2.  Within 30 days from the date of this order, defendant City of Sacramento shall file a

25  responsive pleading or motion in accordance with Rule 12 (or if appropriate Rule 56); and

26      3.  Ruling on the motion to declare plaintiff a vexatious litigant (ECF No. 9) is deferred

27  pending the resolution of any Rule 12 or Rule 56 motion by the City.  The Clerk shall terminate

28  ECF No. 9.  With any answer, the City may file a notice of renewal.

1    Further, it is RECOMMENDED that:

2        1.  The County of Sacramento and State of California's motions to dismiss (ECF Nos. 13,

3    22) be granted and all claims against these defendants be dismissed without leave to amend; and

4        2.  Plaintiff's motion for default judgment (ECF No. 15) be denied.

5        These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

7    after being served with these findings and recommendations, any party may file written

8    objections with the court and serve a copy on all parties.  Such a document should be captioned

9    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

10   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

11   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

12   DATED:  March 2, 2017.

13                         EDMUND F. BRENNAN
14                         UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28