UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERSON A. McGEE,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 2:16-cv-1796-JAM-EFB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

The last remaining defendant in this action, the City of Sacramento, moves to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). ECF No. 41. Also pending is plaintiff's motion for summary judgment. ECF No. 52.[1] For the reasons explained below, it is recommended that the City's motion be granted and plaintiff's motion be denied.[2]

I.  Complaint's Factual Allegations

Plaintiff and his son, who are African American, reside at the Bridgeport Condominium Complex in Sacramento California. ECF No. 1 at 3-4. The crux of the complaint is that throughout 2016, plaintiff and his son were terrorized, harassed, and assaulted by Sean Swarthout,

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] The court determined that oral argument would not materially assist in the resolution of the pending motions and the matters were ordered submitted on the briefs. *See* E.D. Cal. L.R. 230(g); ECF Nos. 48, 58.

1

another resident of the condominium complex. According to the complaint, Sean is white and his actions against plaintiff and his son were racially motivated. *Id*. at 6.

On numerous occasions, plaintiff contacted the Sacramento City Police Department for assistance and protection. However, plaintiff claims that the department either refused to respond to his calls, or when they did respond "they saw that plaintiff was African American and Sean was white and decided to discriminate against plaintiff and [his son] because of their race and color by refusing to hear plaintiff's complaint." *Id*. at 11. He further alleges that the decision to not provide assistance was made pursuant to a "policy and conspiracy" to discriminate against African Americans maintained by the State of California, the County of Sacramento, and the City of Sacramento.[3] *Id*. at 6. He also claims that the City of Sacramento was "aware of Sean's crimes against the African American Community, but ha[s] refused to protect the community from Sean because Sean is white." *Id*. at 8.

The complaint alleges federal claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986 and 2000a, as well as state law claims under California Civil Code §§ 51 and 52. *Id*. at 17-20.

II. City of Sacramento's Motion to Dismiss

A. Rule 12(b)(6) Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when plaintiff pleads factual

---

[3] In addition to asserting claims against the City of Sacramento, plaintiff's complaint also alleged claims against the State of California and the County of Sacramento. All claims against the state and county were previously dismissed. ECF No. 49.

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. However, dismissal is appropriate if the complaint lacks a cognizable legal theory or it fails to plead sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Plaintiff is proceeding without counsel and pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). But the Ninth Circuit has held that this less stringent standard for pro se parties must still be viewed in light of *Iqbal* and *Twombly*. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

B.  Discussion

The City of Sacramento moves to dismiss plaintiff's complaint, arguing that plaintiff fails to allege sufficient facts to state a claim for relief. ECF No. 41.

/////

/////

### 1. 42 U.S.C. § 1981

Section 1981 provides that "[a]ll persons shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. That section "protects the equal right of all persons within the jurisdiction of the United States to make and enforce contracts without respect to race." *Domini's Pizza, Inc. v. McDonald*, 546 U.S. 470 at 474. The complaint is devoid of any fact concerning a contract or impaired contractual relationship. *See id.* at 479-80; *Schiff v. Barrett*, 2010 WL 2803037, at *4 (E.D. Cal. July 14, 2010) (providing that to state a claim under § 1981 a plaintiff must identify an "impaired contractual relation" by showing that intentional racial discrimination prevented the creation of a contractual relationship or impaired an existing contractual relationship). Accordingly, plaintiff fails to state a claim under section 1981.

### 2. 42 U.S.C. § 1982

Plaintiff also asserts a claim under 42 U.S.C. § 1982. That section provides that all citizens shall have the same right "to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. To state a claim under section 1982, a plaintiff must allege that (1) he is a member of a racial minority; (2) he applied for and was qualified to rent or purchase certain property or housing; (3) he was rejected; and (4) the housing or rental opportunity remained available thereafter. *Phifer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980).

The complaint's allegations concern the Sacramento Police Department's response to plaintiff's calls for assistance, not the lease or purchase of property or housing. Thus, section 1982 has no relevance to the instant action and plaintiff's claim for violation of that statute must be dismissed.

### 3. 42 U.S.C. § 1983

Plaintiff alleges that the City violated his constitutional rights under the Fourteenth Amendment "pursuant to a Policy and conspiracy as adopted, implemented, maintained and executed by . . . the City." ECF No. 1 at 1. The City argues that plaintiff's 1983 claim must be

/////

4

dismissed because plaintiff fails to sufficiently allege facts demonstrating that his constitutional rights were violated pursuant to a City policy or practice. ECF No. 41-1 at 4-5.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). However, there is no *respondeat superior* liability under § 1983. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Therefore, counties and municipalities may be sued under § 1983 only upon a showing that plaintiff's constitutional injury was caused by an employee acting pursuant to the municipality's policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To state a claim under *Monell*, a party must (1) identify the challenged policy or custom; (2) explain how the policy or custom is deficient; (3) explain how the policy or custom caused the plaintiff harm; and (4) reflect how the policy or custom amounted to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur. *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009). Plaintiff has not satisfied these requirements. He has failed to identify any particular policy or custom of the City of Sacramento or the Sacramento Police Department that resulted in deprivation of his constitutional rights. Instead, plaintiff claims that on various occasions he was subjected to discriminatory treatment by Sacramento City Police officers, and concludes that the officers were acting "pursuant to the State, the County, and the City's Policy and conspiracy to Discriminated [sic] Against African Americans on the Grounds of their Race in Law Enforcement Programs and Activities." *See* ECF No.1 at 6-8, 11, 15.

Plaintiff's conclusory statement that the officers' alleged wrongful conduct was performed pursuant to a State, County, and City policy and conspiracy to discriminate is insufficient to support a *Monell* claim. *See Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (to succeed on a *Monell* claim a plaintiff must establish that the entity "had a deliberate policy, custom, or practice that was the moving force behind the alleged constitutional violation he suffered") (internal quotation marks omitted)); *Brown v. Contra Costa County*, 2014 WL

1347680, at *8 (N.D. Apr. 3, 2014) ("Pursuant to the more stringent pleading requirements set forth in *Iqbal and Twombly*, a plaintiff suing a municipal entity must allege sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defendant itself, and these facts must plausibly suggest that plaintiff is entitled to relief.") (citing *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)). Accordingly, plaintiff fails to state a § 1983 claim against the City of Sacramento.

                4.      <u>42 U.S.C. § 1985</u>

Plaintiff also purports to alleges a claim under 42 U.S.C. § 1985(3). That section creates a civil action for damages caused by two or more persons who "conspire . . . for the purpose of depriving" the injured person of "the equal protection of the laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3). The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998)). The first element requires that there be some racial or otherwise class-based "invidious discriminatory animus" for the conspiracy. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69 (1993); *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir. 1985). Moreover, a plaintiff cannot state a conspiracy claim under § 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983. *See Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"), *cert. denied*, 493 U.S. 817 (1989).

Although plaintiff alleges racial animus, as discussed above, he does not sufficiently allege facts that can state a claim under § 1983 against the City. Nor has he alleged that there was any agreement or "meeting of the minds" by the defendants to deprive him of those constitutional rights. Accordingly, this claim must also be dismissed.

/////

/////

### 5. 42 U.S.C. § 1986

"Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). Absent a valid claim for relief under section 1985, there is no cause of action under § 1986. *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985). As noted above, plaintiff fails to state a claim under section 1985. Consequently, he also fails to state a claim pursuant to section 1986.

### 6. 42 U.S.C. § 2000a

Plaintiff also alleges a claim under Title II of the Civil Rights Act of 1964. ECF No. 1 at 19. Section 42 U.S.C. § 2000a provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." Places of public accommodation are defined as places that serve the public including places of lodging, restaurants or other facilities selling food for consumption, movie theaters, sports arenas, and any other place of exhibition or entertainment. 42 U.S.C. § 2000a(b).

The complaint does not allege that the City denied plaintiff any goods or services "of any place of public accommodation," as that term is defined by Title II. Accordingly, plaintiff's ADA claim must be dismissed.

### 7. State Law Claims

Plaintiff also purports to allege state law claims for racial discrimination pursuant to California Civil Code §§ 51 and 52.

As plaintiff has failed to state a federal claim for relief, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claim. *See Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639-40 (2009); *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."). "[I]n the usual case in which all

federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

As discussed above, all of plaintiff's federal claims must be dismissed. Further, both plaintiff and the City of Sacramento are citizens of California. Accordingly, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.

### 8. <u>Leave to Amend</u>

The court has carefully considered whether leave to amend is appropriate in this case. The instant case is one of many actions plaintiff has filed in this district, the vast majority of which have been dismissed as for failure to state a claim. *See McGee v. California*, 2:14-cv-823-JAM-KJM (E.D. Cal); *McGee v. Attorney General of California*, 2:10-cv-137-KJM (E.D. Cal); *McGee v. California*, 2:09-cv-740-GEB-EFB (E.D. Cal); *McGee v. Seagraves*, 2:06-cv-495-MCE-GGH (E.D. Cal); *McGee v. MMDD Sacramento Project*, 2:05-cv-339-WBS-DAD (E.D. Cal.); *McGee v. California State Senate*, 2:05-cv-2632-GEB-EFB (E.D. Cal.); *McGee v. Schwarzenegger*, 2:04-cv-2598-LKK-DAD (E.D. Cal); *McGee v. Davis*, 2:01-mc-179-LKK-PAN; *McGee v. Wilson*, 2:98-cv-1026-FCD-PAN (E.D. Cal); *McGee v. California*, 2:14-cv-823-JAM-KJM (E.D. Cal.). These cases demonstrate a history of plaintiff filing complaints that assert vague and general allegations of discrimination without specific facts that could entitle him to relief on any particular cause of action. Notably, in *McGee v. California*, 2:14-cv-823-JAM-KJM (E.D. Cal.), plaintiff alleged, among other things, that numerous defendants, including the State of California, County of Sacramento, and the Sacramento City Police Department, "used law enforcement programs and activities . . . to discriminate against plaintiff on the grounds of his race and solely on account that plaintiff is African American." *Id*, Compl. ¶ 17. Like the instant action, plaintiff alleged claims for violations of 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, &

8

2000, as well as violation of California Civil Code §§ 51 & 52, which were based, at least in part, on various hostile encounters with city and county law enforcement agencies occurring between 1993 and 2014. *See id*., ECF No. 17. And in the instant action, plaintiff again has failed to articulate facts which can state a plausible claim against the city.

In light of the deficiencies in the complaint, as well as plaintiff's extensive history of filing deficient complaints, the court finds that granting leave to amend would be futile. Accordingly, it is recommended that the City of Sacramento's motion to dismiss be granted and plaintiff's complaint be dismissed without leave to amend. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).[4]

III. <u>Vexatious Litigant Motion</u>

The City of Sacramento initially moved to declare plaintiff a vexatious litigant. ECF No. 9. Because the City had not yet filed a responsive pleading or motion in accordance with Rule 12 of the Federal Rules of Civil Procedure, the court deferred ruling on the vexatious litigant motion until resolution of any motion brought under Rule 12 or, if appropriate, Rule 56. *See* ECF No. 40.

Should the City still wish to pursue its vexation litigant motion, it shall, within 7 days of any order adopting or declining to adopt these findings and recommendations, notice its motion for hearing in compliance with Local Rule 230. *Ringgold–Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (prior to entering an order imposing pre-filing restrictions, a district court must give the litigant notice and "an opportunity to oppose the order before it is entered."). Should the City fail to notice the motion for hearing, it will be recommended that the motion be denied and the case be closed.

IV. <u>Conclusion</u>

Accordingly, it is hereby RECOMMENDED that:

1. The City of Sacramento's motion to dismiss (ECF No. 41) be granted and plaintiff's compliant be dismissed without leave to amend.

---

[4] As plaintiff's complaint must be dismissed without leave to amend, his motion for summary judgment is moot.

9

2. Plaintiff's motion for summary judgment (ECF No. 52) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 28, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE